NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29982

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
GARY S. BONDS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTC-08-046214)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Gary S. Bonds (Bonds) appeals from the Judgment filed on July 6, 2009 in the District Court of the First Circuit, Honolulu Division[1] (district court).

The district court convicted Bonds of Excessive Speeding, in violation of HRS § 291C-105(a)(1) (2007 Repl. & Supp. 2009).

On appeal, Bonds contends the District Court (1) abused its discretion by denying his motion to compel discovery and (2) erred in admitting the laser gun reading without adequate foundation[2] where the State of Hawai'i (State) failed to establish that (a) the laser gun used by Officer Rosalez had been tested according to the manufacturer's accepted procedures, and (b) Officer Rosalez was qualified by training and experience to operate the laser gun.

The State concedes that it failed to lay sufficient foundation for admission of the laser gun speed reading.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Faye Koyanagi presided.

[2] Bond's counsel entered a foundation objection to the speed reading.

well as the relevant statutory and case law, we resolve Bond's points of error as follows:

The record is sufficient to review Bonds's point of error that the State failed to adduce sufficient evidence that the laser gun had been tested according to the manufacturer's recommended procedures to establish sufficient foundation for the laser gun reading.

Officer Rosalez did not testify that the laser gun was tested in accordance with the manufacturer's specifications. Therefore, the State failed to adduce sufficient evidence regarding the accuracy of the laser gun, and the laser gun reading should not have been admitted into evidence. State v. Assaye, 121 Hawaiʻi 204, 210-14, 216 P.3d 1227, 1233-37 (2009). Without evidence of the laser gun reading, there is insufficient evidence to convict Bonds of Excessive Speeding. We need not address Bonds' other point of error.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on July 6, 2009 in the District Court of the First Circuit, Honolulu Division, is reversed.

DATED: Honolulu, Hawaiʻi, May 18, 2010.

On the briefs:

Craig W. Jerome,
Deputy Public Defender,
for Defendant-Appellant.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

2